WAYNE R. WOLSKI, ESQ. State Bar No. 118600
LAW OFFICE OF WAYNE R. WOLSKI
713 Spring Street
P.O. Box 5008
Santa Rosa, CA 95402
Telephone: 707-542-4519
Facsimile: 707-542-7139

Attorney for Plaintiff Roberta Stanton

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ROBERTA STANTON, | Case No. C 07-03543 JCS |
|---|---|
| Plaintiff | **NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT AND REQUEST FOR ATTORNEY'S FEES AND COSTS** |
| v. | **(28 USC 1447(c))** |
| TARGET CORPORATION, and DOES 1 to 10, inclusive, | |
| Defendants. | Date: Friday, September 28, 2007<br>Time: 9:30 a.m.<br>Dept: Courtroom A, 15th Floor<br>Judge: Hon. Joseph C. Spero |
| | Accompanying Documents: |
| | 1.  Declaration of Wayne R. Wolski |

TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on Friday, September 28, 2007, at 9:30 a.m. in Courtroom A, 15th Floor, of this Court, Plaintiff's Motion to Remand Case to State Court And Request For Attorney's Fees And Costs will be heard.

Plaintiff herein moves this Court for an order remanding this action to the Superior Court of California, County of San Mateo, and for Plaintiff's attorney's fees and costs in preparing this Motion to oppose the removal. This Motion is based on the untimeliness of Defendant's Petition to Remove. This Motion is supported by the following Points and Authorities and the Declaration of Wayne R. Wolski, Esq., filed concurrently herewith and incorporated herein.

///

///

Law Office of
Wayne R. Wolski
P.O. Box 5008
Santa Rosa, CA 95402
(707) 542-4519

-1-

Notice of Motion and Motion to Remand Case to
State Court and Request for Attorney's Fees and Costs

## PERTINENT FACTS

This case arises out of a garden variety slip and fall incident. Plaintiff fractured her hip in a fall at Defendant Target's retail store in Redwood City, California, on April 20, 2005. Her injury was initially misdiagnosed as a sprain. She remained on limited work duty thereafter until January 14, 2006, when she fractured her right ankle in an unrelated head-on motor vehicle accident. That motor vehicle accident prevented her from walking for many months. Eventually, the ankle injury healed. Disability from the hip injury, which is the subject of this claim, persists and prevents Plaintiff from returning to the walking intensive type of work she had before the slip and fall accident. She is retraining and seeking alternative employment as of this writing.

The relevant dates concerning the removal by Defendant and Plaintiff's present Motion for Remand are as follows:

- March 2, 2007: Plaintiff files the Complaint in the San Mateo County Superior Court to include a prayer for unspecified damages "according to proof."
- April 23, 2007: Defendant Target answers the Complaint.
- April 23, 2007: Defendant Target propounds Request for Statement of Damages to Plaintiff.
- May 14, 2007: Plaintiff provides verified Response to Request for Statement of Damages to Defendant in the amount of $205,118.55.
- July 9, 2007: Defendant files Petition for Removal to Federal District Court.

## LEGAL ARGUMENT

Defendant removed this action to Federal Court based upon an argument of diversity under 28 USC 1332(a). That statute has a dual requirement for removal: (1) diversity of citizenship between the parties and (2) damages in excess of $75,000. 28 USC 1446(b) describes time limitations for such removal as follows:

///

Law Office of
Wayne R. Wolski
P.O. Box 5008
Santa Rosa, CA 95402
(707) 542-4519

−2−

Notice of Motion and Motion to Remand Case to State Court and Request for Attorney's Fees and Costs

> If the case stated by the initial pleading is not removable, a notice of removal may be filed **within thirty days** after receipt by the defendant, through service or otherwise, of a copy of an **amended pleading, motion, order or other paper** from which it may first be ascertained that the case is one which is or has become removable... (Emphasis added.)

In this Motion, Plaintiff maintains Defendant's removal was untimely because Defendant received documents demonstrating diversity based on damages over $75,000 but did not remove within the next thirty days as specified in 28 USC 1446(b). In an instance such as this, the non-removing party, such as Plaintiff here, may move the court to remand the case to state court pursuant to 28 USC 1447(c) within thirty days of the removal:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the District Court lacks subject matter jurisdiction, the case **shall** be remanded. (Emphasis added.)

Cases considering remand agree that "as a general matter, courts strictly construe the removal statute against removal... This is especially so in diversity cases since concerns of comity mandate that state courts be allowed to decide state cases unless the removal action falls squarely within the bounds Congress has created." *Phillips v. Allstate Insurance Company* (CD Cal. 1989) 702 F.Supp. 1466, 1467-1468, citing *In re: La Provadencia Development Corp.* (1st Cir. 1969) 406 F.2d. 251. The thirty-day removal window is a "stringent time frame." *Phillips*, 702 F.Supp. at 1468. The Ninth Circuit recently reaffirmed this policy: "...any doubts as to the right of removal must be resolved in favor of remanding to state court." *Durham v. Lockheed Martin* (9th Cir. 2006) 445 F.3d. 1247, 1252.

The further analysis under section 1446(b) of the propriety of the removal based on diversity looks to the nature of the documents that should provide the removing party, such as Defendant here, with the information necessary to trigger the thirty-day period within which removal may be accomplished. Such documents ("amended pleading, motion, order or other paper") must be "unequivocally clear and certain" in showing, for instance, that damages exceed the jurisdictional minimum of $75,000. See *Bosky v. Kroger Texas L.P.* (5th Cir. 2002) 288 F.3d. 208, 211-212. Cases analyzing this issue describe documents sufficient to reveal grounds for removal as constituting a "bright line rule." *Bosky* at 288 F.3d. at 211; *Harris v. Bankers Life & Casualty Co.* (9th Cir. 2005)

Law Office of
Wayne R. Wolski
P.O. Box 5008
Santa Rosa, CA 95402
(707) 542-4519

−3−

Notice of Motion and Motion to Remand Case to
State Court and Request for Attorney's Fees and Costs

1  425 F.3d. 689, 697.  Documents sufficient for this purpose have included depositions (*S.W.S. Erectors*
2  *Inc. v. Infax Inc.* (5th Cir. 1996) 72 F.3d. 489); answers to interrogatories (*Chapman v. Powermatic*
3  *Inc.* (5th Cir. 1992) 969 F.2d. 160); and a letter from plaintiff's counsel to defendant's counsel (*Wilson*
4  *v. Belin* (5th Cir. 1994) 20 F.3d. 644, 651 n.8.)

5    Here, Plaintiff provided Defendant with a Response to Request for Statement of Damages on
6  May 14, 2007, itemizing three categories of damages totaling $205,118.55.  See Exhibit "A" to the
7  Declaration of Wayne R. Wolski filed concurrently herewith and incorporated herein.  What is more,
8  that Response to Request for Statement of Damages was verified by Plaintiff.

9    Surely, such a document provides precisely the type of "bright line" notice of damages in
10  excess of $75,000 that various courts have found sufficient to trigger the thirty-day period within
11  which a party may remove.  The thirty-day removal period began with Plaintiff's verified Response to
12  Request for Statement of Damages on May 14, 2007,.  Therefore, Defendant's time within which to
13  file a petition to remove expired thirty days thereafter on June 13, 2007.  Defendant did not file its
14  removal petition with this Court until July 9, 2007, 26 days after this deadline.  Thus, Defendant's
15  removal in this instance is time barred and, pursuant to 28 USC 1447(c), this case "shall be removed
16  to the state court."

## PAYMENT OF PLAINTIFF'S ATTORNEY'S FEES AND COSTS

18    Pursuant to 28 USC 1447(c), "an order remanding the case may require the payment of just
19  costs and any actual expenses, including reasonable attorney's fees incurred as a result of the
20  removal."  See *Huffman v. Newton* (10th Cir. 2001) 262 F.3d. 1128, 1134-1135.

21    This is such a case.  Plaintiff's attorney wrote two expansive letters to Defendant citing
22  relevant statutes and case law in an attempt to obtain a stipulation to remand this action to state court.
23  Further, Plaintiff initiated two or three meet and confer telephone conversations with Defendant's
24  counsel in an attempt to accomplish the voluntary remand, to no avail.  Therefore, Plaintiff seeks
25  $4,950 in fees expended for those activities and $5.55 in costs.  These expenses are detailed as part of
26  the Declaration of Plaintiff's counsel, Wayne R. Wolski, filed concurrently herewith and incorporated
27  herein by this reference.

Law Office of
Wayne R. Wolski
P.O. Box 5008
Santa Rosa, CA  95402
(707) 542-4519

–4–

Notice of Motion and Motion to Remand Case to
State Court and Request for Attorney's Fees and Costs

**CONCLUSION**

Based on the foregoing, Plaintiff seeks and order from this Court remanding the case to the Superior Court of California, County of San Mateo, and for an award to Plaintiff of her attorney's fees and costs in preparing this motion in the amount of $4,955.55.

Respectfully Submitted:

Dated: August 8, 2007

/s/ Wayne R. Wolski
Wayne R. Wolski, Esq.
Attorney for Plaintiff

Law Office of
Wayne R. Wolski
P.O. Box 5008
Santa Rosa, CA  95402
(707) 542-4519

−5−

Notice of Motion and Motion to Remand Case to
State Court and Request for Attorney's Fees and Costs