GAIL C. TRABISH, ESQ. (#103482)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendant
TARGET STORES, a division
of Target Corporation

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| ROBERTA STANTON,<br><br>    Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No.: CIV 461266<br><br>**REQUEST FOR STATEMENT OF DAMAGES**<br><br><br><br>Complaint Filed: March 2, 2007 |

    Defendant TARGET STORES, a division of Target Corporation, requests that plaintiff, pursuant to California Code of Civil Procedure §425.11, provide a verified statement setting forth the nature and amount of the special and general damages sought to be recovered by plaintiff in the above-referenced action, said certified statement to be filed and served within fifteen (15) days from the date of service of this notice.

DATED: April 23, 2007

                                            BOORNAZIAN, JENSEN & GARTHE
                                            A Professional Corporation

                                      By: _____
                                               GAIL C. TRABISH, ESQ.
                                               Attorneys for Defendant
                                               TARGET STORES, a division of
                                               Target Corporation

24901\403216

-1-

REQUEST FOR STATEMENT OF DAMAGES – Case No. CIV 461266

EXHIBIT "A"

## PROOF OF SERVICE BY MAIL
### (C.C.P. SECTIONS 1013(a) -2015.5)

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the date indicated below, at the above-referenced business location, I sealed envelopes, enclosing a copy of the **REQUEST FOR STATEMENT OF DAMAGES** addressed as shown below, and placed them for collection and mailing following ordinary business practices to be deposited with the United States Postal Service on the date indicated below:

Wayne R. Wolski, Esq.            **Attorneys for Plaintiff**
Law Offices of Wayne R. Wolski
713 Spring Street
Santa Rosa, CA 95404
(707) 542-4519 Phone
(707) 542-7139 Fax

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on April 23, 2007.

_____
Alexine L. Braun

24901\403216

-2-

REQUEST FOR STATEMENT OF DAMAGES – Case No. CIV 461266

WAYNE R. WOLSKI, ESQ. State Bar No. 118600
LAW OFFICE OF WAYNE R. WOLSKI
713 Spring Street
P.O. Box 5008
Santa Rosa, CA 95402
Telephone: 707-542-4519
Facsimile: 707-542-7139

Attorney for Plaintiff Roberta Stanton

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| ROBERTA STANTON,<br><br>Plaintiff<br><br>v.<br><br>TARGET CORPORATION, and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. CIV 461266<br><br>**PLAINTIFF'S RESPONSE TO REQUEST FOR STATEMENT OF DAMAGES**<br><br>(Unlimited Civil Action) |

Plaintiff hereby responds to Defendant's Request for Statement of Damages as follows:

| | |
|---|---|
| Medical Specials: | $ 5,118.55 to date |
| Wage Loss: | $ Unknown - Discovery continuing |
| Loss of Earning Capacity: | $100,000.00 |
| General Damages (Pain and Suffering, Permanent Disability): | $100,000.00 |

Dated: May 14, 2007

_____
Wayne R. Wolski
Attorney for Plaintiff

-1-

Plaintiff's Response to Request for Statement of Damages

## VERIFICATION

I am the Plaintiff in the above entitled action. I am familiar with the contents of the foregoing Plaintiff's Response to Request for Statement of Damages, Set One. The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and is therefore provided as required by law. The information contained in the foregoing document is true, except as to the matters which were provided by my attorneys or other agents, and, as to those matters, I am informed and believe that they are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on *May 7*, 2007, at Vallejo, California.

*/s/ Roberta Stanton*
Roberta Stanton

## PROOF OF SERVICE

I declare that: I am employed in the County of Sonoma. I am over the age of eighteen years and not a party to the within cause; my business address is 713 Spring St., P. O. Box 5008, Santa Rosa, California 95402.

On the date shown below, I served a copy of the attached

**PLAINTIFF'S RESPONSE TO REQUEST FOR STATEMENT OF DAMAGES**

on the interested parties in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Gail Trabish, Esq.
Boornazian, Jensen & Garthe
P.O. Box 12925
Oakland CA 94604-2925
Facsimile: (510) 839-1897


/XX / (BY MAIL)   In a box designated for collection of mail, following ordinary business practices, at my business address;
    (a) I am familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service;
    (b) That this correspondence will be deposited with the United States Postal Service on the above date, in the ordinary course of business.

/ / (BY OVERNIGHT MAIL SERVICE)   I caused each such envelope to be delivered by Federal Express mail service to the addressee(s) noted above.

/ / (BY PERSONAL SERVICE)   I caused each such envelope to be delivered by hand to the addressee(s) noted above.

/ /(BY FACSIMILE)   I caused the said document to be transmitted by Facsimile machine to the number indicated after the address(es) noted above.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on May 14, 2007, at Santa Rosa, California.

*Jennifer McNeil*
Jennifer McNeil

# LAW OFFICE OF
# WAYNE R. WOLSKI

713 SPRING STREET
P.O. Box 5008
SANTA ROSA, CA 95402
(707) 542-4519 • Fax (707) 542-7139

July 26, 2007

Via Facsimile (510) 839-1897 and U.S. Mail                Pages Transmitted:   1

Gayle Trabish
Boornazian, Jensen & Garthe
P.O. Box 12925
Oakland CA 94604-2925

Re:   Roberta Stanton v. Target Corporation

Dear Ms. Trabish:

   I write to meet and confer on your recent removal of the above referenced case to Federal Court. I first informed you about two weeks ago of my intent to contest removal.

   I have reviewed the pertinent federal law including your reference to *Bankers Life*, 425 F.3d. 689. I believe your removal is untimely. You apparently base it on the diversity of citizenship (which I do not dispute) and the additional requirement of more than $75,000 in damages. The removal must be made within 30 days of receiving notice of the requisite damages.

   In this case, Plaintiff's Response to Statement of Damages sent to you on May 14, 2007, was the document that informed you of such damages. Therefore, under 28 USC 1446(b), you had 30 days to remove. Your removal was not filed until July 9, 2007. Therefore, it was more than three weeks late.

   This argument is the primary basis on which I intend to oppose the removal. I write in an attempt to avoid the time and expense involved with such a motion. Should we not succeed in resolving this matter, I intend to file within the statutory time to oppose your removal to include a request for fees and costs.

   I look forward to hearing from you within the next few days to discuss your position on why removal is justified. Should I not hear from you by mid-week, I will file my opposition.

Very truly yours,

*[signature]*

Wayne R. Wolski

cc: Roberta Stanton

EXHIBIT "B"

LAW OFFICE OF
# WAYNE R. WOLSKI
713 SPRING STREET
P.O. Box 5008
SANTA ROSA, CA 95402
(707) 542-4519 ● Fax (707) 542-7139

August 1, 2007

<u>Via Facsimile (510) 839-1897 and U.S. Mail</u>          Pages Transmitted:  6

Gayle Trabish
Boornazian, Jensen & Garthe
P.O. Box 12925
Oakland CA 94604-2925

Re:   Roberta Stanton v. Target Corporation

Dear Ms. Trabish:

This responds to yours of July 30, 2007, in our continuing meet and confer on my objection to your removal of the case to Federal Court. Your letter is factually and legally inaccurate.

You erroneously state that Plaintiff's Response to Statement of Damages was unverified. The Verification accompanied the Response to Statement of Damages in the amount of $205,118.55 (see enclosed).

As a legal basis for your position, you cite the case of *Huffman v. Saul Holdings Ltd. Ptshp*. 194 F3d. 1072. You quote the case as standing for the proposition that the grounds for removal must be "unequivocal clear and certain" to start the 30-day removal period running. First of all, your citation is not even remotely close to the actual citation of 262 F3d. 1128, and that case contains no such language on our issue, though I do not dispute the relevance of that standard.

Further, you argue that my client's other unrelated personal injuries somehow confused you on the amount of her damages in this case. So far as I know, an attorney's subjective perceptions are not a basis on which to premise the timeliness of removal. In fact, the *Bosky* case you cite states just the opposite at page 211. That case and others analyzing the basis for removal refer to the need for a "bright line" in documents produced subsequent to an initial pleading as triggering the 30-day deadline for defendant's removal. 28 USC Section 1446(b); Bosky v. Kroger Texas (5th Cir. 2002) 288 F.3d 208, 211; Harris v. Bankers Life (9th Cir. 2005) 425 F.3d 689, 697. I believe the federal court will agree that a verified pleading clearly stating damages of more than $205,000 is unequivocally that bright line.

Since you have provided me nothing convincing as a basis for your removal, I intend to move forward with my motion. If you wish to discuss this further, please contact me in the next 24 hours.

Very truly yours,

Wayne R. Wolski

cc: Roberta Stanton

# Boornazian, Jensen & Garthe
A Professional Corporation

Gail C. Trabish
gtrabish@bjg.com

555 12th Street, Suite 1800
Oakland, CA 94607
Telephone: 510.834.4350
Facsimile: 510.839.1897
Website: www.bjg.com

Mailing Address
P.O. Box 12925
Oakland, CA 94604-2925

July 30, 2007

**VIA FACSIMILE & U.S. MAIL**
**1- 707 542-7139**

Wayne R. Wolski, Esq.
Law Offices of Wayne R. Wolski
713 Spring Street
P.O. Box 5008
Santa Rosa, CA 95402

RE:   *Roberta Stanton v. Target Corporation, et al.*
San Mateo County Superior Court Case No.: CV 461266
Our File No.: SEDGWI 24901

Dear Mr. Wolski:

I am in receipt of your letter dated July 26, 2007 in which you contest the timeliness of my removal to federal court in this matter. In support of your opposition, you point to plaintiff's response to request for statement of damages. As you know, plaintiff's response was unverified and listed only $5,118.55 in special damages. It was not until I received plaintiff's *verified* responses to answers to interrogatories that it became apparent to me "more likely than not" the amount in controversy exceeded $75,000. Although the judicial form interrogatories were mail served on your office on April 23, 2007, they were not received in my office until June 14, 2007. I counted the 30 days time for removal from that date. Hence, the Petition for Removal filed on July 9, 2007 was timely filed.

The information that I had prior to that time was that following the slip and fall accident at Target on April 20, 2005, plaintiff had returned to work and continued working until her subsequent motor vehicle accident on January 14, 2006. I understood that it was the motor vehicle accident that had prevented her from returning to work due to her injuries sustained in that accident (a fractured ankle). It was not until I had received plaintiff's verified answers to interrogatories that I understood that plaintiff was claiming that her inability to work after January 14, 2006 was connected to the injuries sustained during the incident at Target.

28 USC Section 1446(b) calls for the timing of the removal to be within 30 days after receipt of the first pleading in the state action that sets forth a removable claim. Where removeability is

Wayne R. Wolksi
July 30, 2007
Page 2

uncertain, the 30 day period is measured from the point at which the defendant had notice that the action is removable; but in any event, removeability based on diversity must be effected within one year of the case being filed.

The grounds for removal must be "unequivocal, clear and certain" to start the 30 day removal period running. The removal period commences only when defendant is able to intelligently ascertain that plaintiff's claim exceeds $75,000 as a result of a voluntary act on plaintiff's part, such as sworn answers to interrogatories. *Huffman v. Saul Holdings Ltd. Partnership* (10 Cir. 1999) 194 F3d 1072. Furthermore, the principal of judicial economy and avoidance of protective removal by defendants faced with equivocal pleadings is promoted until the grounds for removal are unequivocal, clear and uncertain. *Bosky v. Kroger Texas, LP* (5th Cir. 2002) 288 F3d 201; see *Harris v. Bankers Life & Casualty Co.* (9th Cir. 2005) 425 F3d 689.

I would be more than willing to return this matter to state court if your client will stipulate that the amount in controversy does not exceed $75,000.

Sincerely,

BOORNAZIAN, JENSEN & GARTHE

*Gail C. Trabish*

Gail C. Trabish

GCT:amb

24901\410532

# Boornazian, Jensen & Garthe
A Professional Corporation

555 12th Street, Suite 1800
Oakland, CA 94607
Telephone: 510.834.4350
Facsimile: 510.839.1897
Website: www.bjg.com

Mailing Address
P.O. Box 12925
Oakland, CA 94604-2925

Gail C. Trabish
gtrabish@bjg.com

August 2, 2007

**VIA FACSIMILE & U.S. MAIL**
**1- 707 542-7139**

Wayne R. Wolski, Esq.
Law Offices of Wayne R. Wolski
713 Spring Street
P.O. Box 5008
Santa Rosa, CA 95402

RE:  *Roberta Stanton v. Target Corporation, et al.*
     San Mateo County Superior Court Case No.: CV 461266
     Our File No.: SEDGWI 24901

Dear Mr. Wolski:

I have to admit that until I received your faxed letter dated August 1, 2007, I was unaware that your client had verified her responses to the Request for Statement of Damages. My Request for Statement of Damages did not ask for a verified response. In addition, Code of Civil Procedure §425.11 does not require a verified response. Typically, the responses to requests for statement of damages list astronomical numbers without any reference to reality. Reliance on a response to a request for statement of damages under those circumstances would result in a removal of virtually all actions. Instead, what I relied on was plaintiff's verified answers to interrogatories where damages were detailed. Hence, I believe my position is justified.

In the meantime, I am still amenable to mediating this matter. I had left you a voicemail message asking you to contact me so that we could discuss potential mediators.

Sincerely,

BOORNAZIAN, JENSEN & GARTHE

*Gail C. Trabish*

Gail C. Trabish

GCT:amb:alb

24901\410924

## Law Office of Wayne R. Wolski
713 Spring Street
P.O. Box 5008
Santa Rosa, CA 95402

Ph: (707) 542-4519        Fax:(707) 542-7139

Roberta Stanton
179 Maher Court
Vallejo, CA 94591

August 8, 2007

File #:    201
Attention:                                                         Inv #:    Sample

RE:    Target Stores

| DATE | LAWYER | DESCRIPTION | HOURS | AMOUNT |
| --- | --- | --- | --- | --- |
| Jul-17-07 | WRW | Review federal court documents | 0.30 | 75.00 |
| Jul-18-07 | WRW | Status update with client; legal research on opposing removal petition | 0.50 | 125.00 |
| Jul-19-07 | WRW | Legal research re opposition to defendant removal to federal court | 0.35 | 87.50 |
| Jul-25-07 | WRW | Preparing opposition to removal petition | 0.35 | 87.50 |
| Jul-26-07 | WRW | Legal research re removal and opposition thereto and meet and confer letter to defense attorney re my intent to oppose her removal of case | 3.15 | 787.50 |
| Jul-31-07 | WRW | Continuing meet and confer re removal: legal research re. defense attorney's cited cases; prepare further letter to defense attorney. | 1.85 | 462.50 |
| Aug-01-07 | WRW | Further legal research re oppo. to removal; draft and final version of second letter to defense attorney on why removal improper. | 3.10 | 775.00 |
| Aug-02-07 | WRW | Preparing remand motion papers; review and evaluate meet and confer letter from defense attorney. | 1.90 | 475.00 |
| Aug-03-07 | WRW | Arrange mediation and discovery with defense attorney; update telecon to client | 0.55 | 137.50 |

EXHIBIT "D"

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| Aug-07-07 | WRW | Preparation of motion to remand | 4.75 | 1,187.50 |
| Aug-08-07 | WRW | Finalize remand motion papers | 3.00 | 750.00 |
| | | Totals | 19.80 | $4,950.00 |

**DISBURSEMENTS**

| Date | Description | Disbursements | Receipts |
|---|---|---|---|
| Jul-31-07 | Facsimile Charges | 2.00 | |
| | Photocopy Charges | 1.50 | |
| | Postage Charges | 2.05 | |
| | Totals | $5.55 | $0.00 |

| | |
|---|---|
| **Total Fees & Disbursements** | $4,955.55 |
| Previous Balance | $0.00 |
| Previous Payments | $0.00 |
| **Balance Due Now** | **$4,955.55** |

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| — Wayne R. Wolski, Esq.          SBN# 118600<br>Law Offices of Wayne R. Wolski<br>713 Spring Street<br>Santa Rosa, CA 95404<br>TELEPHONE NO.: (707) 542-4519   FAX NO.(Optional): (707) 542-7139<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff Roberta Stanton | **ENDORSED FILED**<br>**SAN MATEO COUNTY**<br><br>MAR 2 2007<br><br>Clerk of the Superior Court<br>By M. Javillonar<br>DEPUTY CLERK |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo<br>STREET ADDRESS: 400 County Center, 2nd Floor<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Redwood City, CA 94063<br>BRANCH NAME: Unlimited Civil | |
| PLAINTIFF: Roberta Stanton | |
| DEFENDANT: Target Corporation | |
| ☑ DOES 1 TO 10, inclusive | |
| COMPLAINT-Personal Injury, Property Damage, Wrongful Death<br>☐ AMENDED (Number):<br>Type (check all that apply):<br>☐ MOTOR VEHICLE   ☑ OTHER (specify): Negligence, Premises Liability<br>☐ Property Damage   ☐ Wrongful Death<br>☐ Personal Injury    ☐ Other Damages (specify): | |
| Jurisdiction (check all that apply):<br>☐ ACTION IS A LIMITED CIVIL CASE<br>Amount demanded ☐ does not exceed $10,000<br>          ☐ exceeds $10,000, but does not exceed $25,000<br>☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint<br>    ☐ from limited to unlimited<br>    ☐ from unlimited to limited | CASE NUMBER:<br><br>CIV 461266 |

1. Plaintiff (name or names): Roberta Stanton

   alleges causes of action against defendant (name or names): Target Corporation, Does 1 to 10, inclusive

2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):

   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] Martin Dean's ESSENTIAL FORMS™ | COMPLAINT-Personal Injury, Property<br>Damage, Wrongful Death | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |

EXHIBIT "E"

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.
5. Each defendant named above is a natural person
   a. ☑ except defendant (name):
      **Target Corporation**
      (1) ☐ a business organization, form unknown
      (2) ☑ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   b. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):
      (4) ☐ a public entity (describe):
      (5) ☐ other (specify):

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.
6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants (specify Doe numbers): 1-10 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants (specify Doe numbers): 1-10 are persons whose capacities are unknown to plaintiff.
7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
    a. ☐ Motor Vehicle
    b. ☑ General Negligence
    c. ☐ Intentional Tort
    d. ☐ Products Liability
    e. ☑ Premises Liability
    f. ☐ Other *(specify)*:

11. Plaintiff has suffered
    a. ☑ wage loss
    b. ☐ loss of use of property
    c. ☑ hospital and medical expenses
    d. ☑ general damage
    e. ☐ property damage
    f. ☑ loss of earning capacity
    g. ☐ other damage *(specify)*:

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☑ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
       (1) ☑ according to proof
       (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: February 28, 2007

Wayne R. Wolski, Esq.
(TYPE OR PRINT NAME)                                    ▶ *[signature]*
                                                        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]          **COMPLAINT-Personal Injury, Property**          Page 3 of 3
Martin Dean's                                    **Damage, Wrongful Death**
ESSENTIAL FORMS™

____FIRST____   **CAUSE OF ACTION- General Negligence**   Page __4__
   (number)

ATTACHMENT TO ☑ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Roberta Stanton

alleges that defendant *(name)*: Target Corporation

☑ Does __1__ to __10__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: April 20, 2005
at *(place)*: Redwood City, San Mateo County, California

*(description of reasons for liability)* :

On or about April 20, 2005, in Redwood City, San Mateo County, California, Plaintiff was acting reasonably and foreseeably in performing her customary duties assembling display furniture on behalf of her employer, National Marketing Services, at a Target retail store owned, maintained, operated and controlled by Defendants and each of them. The incident happened at approximately 11:00 p.m. At that time and place, Defendants and each of them had a duty to keep the premises safe and in a non-defective condition for persons on the premises. Instead, Defendants and each of them carelessly and negligently spilled and/or failed to clean up a slippery substance, perhaps a cleaning solution, upon the floor of the premises, causing Plaintiff to siip and fall and, in so doing, sustain serious and severe injuries in an amount in excess of the jurisdictional minimum of this Court and in an amount according to proof at time of trial. Further, at that time and place, Defendants and each of them were maintaining the premises in a dangerous and unsafe condition for persons such as Plaintiff, who was foreseeably upon Defendants' premises as a guest and invitee of Defendants and each of them. As a direct and proximate result of the behavior of Defendants and each of them and the condition of the premises, Plaintiff was caused to suffer severe and permanent injuries to her right leg and hip.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**CAUSE OF ACTION- General Negligence**

Code of Civil Procedure § 425.12
www.courtinfo.ca.gov

| SECOND (number) | CAUSE OF ACTION- Premises Liability | Page 5 |

ATTACHMENT TO ☑ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

**Prem.L-1.** Plaintiff *(name):* Roberta Stanton
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date):* April 20, 2005    plaintiff was injured on the following premises in the following
fashion *(description of premises and circumstances of injury):*
On or about April 20, 2005, in Redwood City, San Mateo County, Calfiornia, Plaintiff was performing her regular and customary work duties on behalf of her employer and conducting an inventory at a Target Store between 10:00 and 11:00 p.m. on that date. Defendants and each of them at that time negligently, carelessly and recklessly failed to maintain a safe surface on the floor of the store they owned, operated, maintained and controlled. Namely, Defendants and each of them allowed a substance, possibly a cleaning substance, to be spilled upon the floor and otherwise and to remain there during the time that Plaintiff was conducting her tasks with the permission of and cooperation with and at the direction of Target personnel on that evening. Further, Defendants and each of them at that time and on that date maintained a unsafe and dangerous condition upon their property namely the liquid substance upon the floor within an aisle of the Target Store. The conditions as above described caused Plaintiff to fall and to severely injure herself, causing her severe and permanent injuries to include medical expenses, loss of work, loss of earning capacity and other damages according to proof at time of trial.

**Prem.L-2.** ☑ **Count One-Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*
Target Corporation
☑ Does __1__ to __10__

**Prem.L-3.** ☐ **Count Two-Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

☐ Does _____ to _____
Plaintiff, a recreational user, was ☐ an invited guest ☐ a paying guest.

**Prem.L-4.** ☐ **Count Three-Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names):*

☐ Does _____ to _____
a. ☐ The defendant public entity had ☐ actual ☐ constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. ☐ The condition was created by employees of the defendant public entity.

**Prem.L-5.** a. ☑ **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*
Target Corporation
☑ Does __1__ to __10__
b. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
☐ described in attachment Prem.L-5.b ☐ as follows *(names):*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]
Martin Dean's
ESSENTIAL FORMS™

CAUSE OF ACTION - Premises Liability

Code of Procedure § 425.12
www.courtinfo.ca.gov